NOT FOR PUBLICATION                                                                       (Doc. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| KEVIN TAYLOR, | : : : : | |
| Petitioner, | : : | Civil No. 11-5367 (RBK) |
| v. | : : | **OPINION** |
| UNITED STATES OF AMERICA | : : | |
| Respondent. | : : | |

**KUGLER**, United States District Judge:

Petitioner Kevin Taylor ("Petitioner") is seeking relief under 28 U.S.C. § 2255 from his federal conviction and sentence (Doc. No. 1). He proceeds with this action pro se. Petitioner was convicted for his participation in a series of bank robberies committed in 2005 and 2006 in New Jersey and Pennsylvania. Petitioner raises claims of ineffective assistance of counsel and Brady violations. The government has filed an opposition which asserts that Petitioner's claims should be denied. For the following reasons, the Court will deny relief on Petitioner's claims.

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

On August 23, 2006, Petitioner's co-defendant Steven Gantt ("Gantt") and Walter Johnson ("Johnson") were arrested in connection with a series of bank robberies committed in New Jersey and Pennsylvania in 2005 and 2006. After his arrest, Johnson confessed his involvement and implicated both Taylor and Gantt. Taylor was arrested on November 27, 2006.

---

[1] Much of the following factual background is taken from the factual summary in United States v. Taylor, 379 Fed. App'x. 240 (3d Cir. 2010).

A second superseding indictment charged Gantt and Taylor with the following crimes: conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), six counts of armed robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 18 U.S.C. § 2; and six counts of using a firearm in connection with the corresponding bank robberies in violation of 18 U.S.C. § 824(a)(1).

A trial was held on January 22, 2008 and ended on February 11, 2008 in a mistrial after the jury announced that it was deadlocked on all counts. A retrial commenced on February 26, 2008, and on March 19, 2008, the jury returned guilty verdicts as to both defendants on all counts of the second superseding indictment. Petitioner was sentenced to 1380 months in prison. Petitioner appealed his conviction to the Third Circuit, which affirmed this Court's judgment on May 10, 2010. United States v. Taylor, 379 Fed. App'x. 240, 245 (3d Cir. 2010).

On September 9, 2011, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of his trial and appellate counsels, and also that he is entitled to a new trial because the Government failed to turn over exculpatory evidence. (Docket No. 11-6093, Pet. to Vacate, Doc. No. 1.) Specifically, Petitioner alleges that his counsel was ineffective both in the way his counsel moved for a judgment of acquittal and because his counsel did not raise a motion for judgment of acquittal again at the close of evidence. (Pet'r's Br. at 16.) Petitioner's ineffective assistance claims appear to relate to his *first* trial, which resulted in a mistrial.

Petitioner also alleges that the Government failed to turn over exculpatory evidence when it provided a heavily redacted copy of a June 12, 2006 interview by the FBI of cooperating witness Jermane Johnson as well as failing to provide the transcripts of a second interview with Jermane Johnson that, despite the government's assurance that no other interview exists,

2

Petitioner argues must have "obviously existed." (Pet'r's Br. at 25.)  Petitioner argues that he could not raise these issues in his direct appeal because his appellate counsel "pretermitted the issue." (Pet. to Vacate, Doc. No. 1.)  On December 17, 2014, the government filed its opposition to Petitioner's § 2255 motion.  (Mot. to Dismiss, Doc. No. 8.)

## II.    LEGAL STANDARD

### a.  28 U.S.C. § 2255

A prisoner in federal custody may file a motion in federal court challenging the validity of his sentence under 28 U.S.C. § 2255.  Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003).  Section 2255 provides that a petitioner may move to vacate, set aside or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  To establish a right to such relief, a petitioner must demonstrate "that the sentence has a fundamental defect resulting in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure."  See United States v. DeLuca, 889 F.2d 503, 506 (3d Cir.1989); see also Morelli, 285 F. Supp. 2d at 458-59 (citations omitted).

## III.    DISCUSSION AND ANALYSIS

### A. Ineffective Assistance of Counsel

In his § 2255 motion, Petitioner argues that he received ineffective assistance of counsel at his first trial, which ended in a mistrial.  Petitioner claims that his counsel was ineffective because he moved for a judgment of acquittal on the wrong grounds, because his counsel did not move for judgment of acquittal again at the conclusion of the defenses argument, and because his

3

counsel failed to argue that Petitioner was charged under the incorrect statute. (Pet'r's Br. at 16; Pet'r's Supplemental Br. at 4.)

As an initial matter, Petitioner cannot pursue a habeas corpus claim based on defense counsel's performance at his first trial. Section 2255 provides for "a prisoner in custody . . . to vacate, set aside or correct the sentence." 18 U.S.C. § 2255. Because no sentence was imposed and Petitioner was not in custody as a result of the first trial, no relief is available from the pending motion. See Stewart v. United States, 914 F.2d 1496 (9th Cir. 1990) (holding that since "no sentence was imposed because of the mistrial, no relief [was] available"); see also Berkley v. Miller, No. EDCV 13-1745-JGB (MAN), 2014 WL 2042249, at *10 (C.D. Cal. Apr. 2, 2014) (holding that "Petitioner cannot pursue a habeas claim based on defense counsel's performance at his first trial [which] ended in a mistrial, and Petitioner is in custody as a result of his conviction after the second trial"); Alexander v. Thaler, No. SA-10-CA-249-XR, 2010 WL 5373932, at *2 (W.D. Tex. Nov. 18, 2010) (holding that habeas relief was unavailable because Petitioner was not in custody from his first trial in which a mistrial was declared after the jury was deadlocked). But cf. Mendoza v. Tilton, No. 04CV1809-BTM (RBB), 2007 WL 935475, at *3 (S.D. Cal. Mar. 21, 2007) (declining to adopt the "plain reading" of the habeas statute and instead allowing Petitioner's claims, including errors in his first trial which ended in a mistrial, because Petitioner invoked the Court's jurisdiction simply by alleging that "he is in custody pursuant to [the court's] judgment").

In any event, Petitioner's claim for habeas relief can also be denied on the merits. The Sixth Amendment guarantees the right to effective assistance of counsel.[2] To prevail on a claim of ineffective assistance of counsel, a party must establish (1) deficiency of counsel's

---

[2] The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

4

performance; and (2) prejudice caused by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The first Strickland prong is an objective standard of "reasonableness under prevailing professional norms." Id. at 688. The Constitution requires a fair trial, not some higher quality of legal representation. See id. at 688–89. Thus, the standard is "highly deferential" and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Only the most serious errors constitute deficient performance. Id. at 687 (describing errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment").

The second Strickland prong is a subjective, totality-of-the-circumstances analysis of whether counsel's conduct "actually had an adverse effect on the defense." Id. at 693. A speculative or hypothetical effect is not enough. Id. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Prejudice exists only when the defendant is denied a fair trial capable of producing a reliable result. Id. at 687.

The Supreme Court noted that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; see also United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Therefore, failure to satisfy either prong of the Strickland analysis is grounds for dismissal.

Petitioner has failed to show the second prong of the <u>Strickland</u> test—that he was prejudiced by the ineffective counsel—because he cannot show with "reasonable probability" that the result would have been different but for the ineffective assistance. 466 U.S. at 694. Petitioner's counsel moved for judgment of acquittal at the conclusion of the Government's case, which the Court denied. (Trial Tr., dated Jan. 31, 2008, 1175.) Although the Court ruled that the Government's evidence was barely enough, it ultimately agreed that it was enough to go to a jury. The Government's evidence was the same at the close of its case-in-chief as it was at the close of evidence. There is no "reasonable probability" that the Court would have granted Defense counsel's motion at the close of evidence, particularly in light of the limited evidence put on by defense counsels. Thus, there is no "reasonable probability" that the result would have been different had the government renewed its motion.

Petitioner argues that counsel was ineffective in failing to argue that because the evidence as to Taylor's identity was "in balance" and therefore the jury should have found reasonable doubt as a matter of law. (Pet'r's Br. 15.) As explained <u>supra</u>, at the close of the government's case-in-chief, Petitioner's counsel did indeed move for a judgment of acquittal. Although he did not specifically raise the "evidence in balance" theory on which petitioner's claim relies, counsel argued that there was "absolutely no evidence at all that [petitioner and his co-defendant] could possibly have committed it." (Trial Tr., dated Jan. 31, 2008, 1176:21–22.) The Court found otherwise and denied Petitioner's Motion. There is no reasonable probability that had Petitioner's counsel raised the "on balance" theory, the result would have been different. The Court determined that the evidence was sufficient to go to the jury.

Finally, Petitioner's briefly mentions counsel was ineffective in failing to raise or improperly raising judgment of acquittal because it "failed to preserve it for the most liberal

6

review available for any appeal" and because he "failed to undertake a sufficiency review on the basis of this tenet." (Pet'r's Br. 21.) However, this argument also fails to satisfy either of the Strickland prongs. Petitioner's first trial ended in a mistrial, so there was no judgment or decision to appeal. Counsel was therefore not ineffective by failing to bring an appeal, and Petitioner was not prejudiced by his failure to do so.[3]

Finally, Petitioner additionally argues in his Supplemental Brief that his counsel was ineffective because it failed to argue that he was charged under the wrong statute because the banks in question were insured by the Federal Deposit Insurance Corporation (FDIC). (Pet'r's Supplemental Br. at 4.) Petitioner's claim is meritless and can be disregarded under the first prong of the Strickland test because his counsel was not deficient. Petitioner was charged under 18 U.S.C.A. § 2113 (a) and (d) for armed bank robbery and for use and carry of a firearm during and in relation to a crime of violence. (See Superseding Indictment attached to Pet'r's. Supplemental Br. as Exhibit A.) Petitioner claims that he instead should have been charged under 18 U.S.C. § 2113 (f) because the banks were FDIC insured. (Pet'r's. Supplemental Br. at

---

[3] From what the Court can tell from Petitioner's Brief, this argument is in respect to his first trial. (See Pet'r's Br. 6 ("Because it is the first trial that Taylor's contentions in this instant proceeding apply to for purposes of claiming that no further proceedings would have been possible once the acquittal therein effected, it is the evidence in that trial that serves as the focal point in the analysis here.").) Nonetheless, even when considering his argument in light of his second trial, the Court finds that Petitioner's claim still fails to satisfy the prejudice prong of Strickland. At Petitioner's second trial, his counsel moved for judgment of acquittal after the Government's case-in-chief, and the Court denied the motion, finding that with respect to the conspiracy charges, "[t]here is substantial, if not overwhelming evidence of Mr. Taylor's involvement in these robberies." (See Trial Tr., dated Mar. 11, 2008, 48:2–4.) As to the bank robbery that took place on December 15, the Court ran through all of the evidence implicating Petitioner in that crime, which included Johnson's eyewitness testimony, the similarities between Petitioner's car and the getaway car, the similar body types of Petitioner and of the masked robber depicted on surveillance video, expert testimony that the crime was a signature crime to which Petitioner was therefore linked, and evidence of a boot print at the crime scene bearing similarity to Petitioner's co-defendant thereby permitting the inference that Petitioner and his co-defendant were together at the bank robbery. (Id. ¶ 45–47:8.) The Court found this evidence sufficient to deny Petitioner's motion for a judgment of acquittal after the Government's case-in-chief, and there is no reasonable probability that the result would have been any different at the close of evidence. The sufficiency of the evidence demonstrates that this ineffective assistance of counsel claim necessarily fails. Any ineffective assistance in the failure to renew the motion for acquittal did not prejudice Petitioner because the motion lacked merit.

4.) However, subsection (f) serves merely as a definition of the term "bank" as used in the preceding statutes. Section (f)'s definition of "bank" includes FDIC insured banks. Therefore, Petitioner's counsel was not deficient because FDIC insured banks fall under sections (a) and (d) under which Petitioner was charged.

### B. Brady Claim

Petitioner also argues that he is entitled to a new trial because the government failed to turn over exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Petitioner's Brady claim is also brought in relation to Petitioner's first trial.[4] (See Pet'r's Br. 23 ("Here, your petitioner brings before this Habeas Court a complaint charging that the government in the underlying prosecution of the first trial of the charges against him violated its Brady obligations to his detriment.").) Specifically, Petitioner alleges that that the Government withheld from defense two FBI 302 reports of interviews conducted by law enforcement officers that were "intrinsic to his defense." (Pet'r's Br. at 23.) He asks that he be granted a new trial to cure the Brady violation.

The Court finds that Petitioner has failed to establish an actionable Brady violation. In order to establish a violation under Brady, Petitioner must show that "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or punishment." United States v. Pelullo, 399 F.3d 197, 209 (3d Cir. 2005). First, Petitioner claims that the government committed a Brady violation by withholding an interview with Jermaine Johnson "that law enforcement would virtually had to have undertaken." (Pet'r's Br. 24.) He presents no evidence that the Government withheld

---

[4] In the event Petitioner is also claiming a Brady violation with respect to his second trial, the following analysis still applies.

evidence, nor that such evidence even exists. Such speculation is insufficient to assert a Brady violation. See, e.g., United States v. Freeman, 763 F.3d 322, 714 (3d Cir. 2014) ("The mere possibility that letters may exist, without more, is insufficient to establish the existence of a Brady violation."); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) ("We think it unwise to infer the existence of Brady material based upon speculation alone.").

Second, Petitioner asserts that he received through a Freedom of Information Act request an FBI-302 report regarding an interview with Jermaine Johnson that was not disclosed prior to trial and therefore constitutes a Brady violation. The Court finds Petitioner's claim is meritless. An examination of an unredacted version of the report, see Gov. Br. at Exhibit G, reveals that the interview was not favorable to the defense and was not material to either guilt or punishment. It simply reveals that Johnson committed the robberies with two individuals, whose descriptions match those of Gantt and Petitioner. Moreover, the government asserts that the report was indeed provided to the defense, which is evidenced by the "exhibit MG-11" marking at the bottom of the report. (See Report attached to Pet'r's Br., Ex. C.)

As such, the Court denies Petitioner's Brady claim.

## IV. CONCLUSION

For the reasons stated above, the petition for relief pursuant to 28 U.S.C. § 2255 is **DENIED**.

Dated: 12/14/2015                                    s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

9