UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN TAYLOR, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-5367 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge:

This matters comes before the Court upon Petitioner Kevin Taylor's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Petitioner's Motion") [Dkt. No. 26].  Petitioner's Motion is directed to the Court's December 14, 2015 Opinion (the "Habeas Opinion")[1] [Dkt. No. 23] and accompanying Order [Dkt. No. 24] denying Petitioner's request for relief under 28 U.S.C. § 2255, as well as the Court's December 15, 2015 Order (the "COA Order") [Dkt. No. 25] declining to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  Petitioner has also filed a Motion to Appoint Pro Bono Counsel ("Petitioner's Pro Bono Counsel Request") [Dkt. No. 34] in this same docket for assistance in filing another habeas petition in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  For the following reasons, Petitioner's Motion will be **DENIED** and Petitioner's Pro Bono Counsel Request will be **DENIED FOR LACK OF JURISDICTION**.

---

[1] Reported at *Taylor v. United States*, Civ. No. 11-5367 (RBK), 2015 WL 8781292 (D.N.J. Dec. 14, 2015).  For ease of Petitioner's reference, all page references herein will refer to the page numbers of the Habeas Opinion as it appears on the docket.

1

I.     BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner was arrested on November 27, 2006 and charged with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); six counts of armed robbery in violations of 18 U.S.C. §§ 2113(a), 2113(d), and 2; and six counts of using a firearm in connection with the corresponding bank robberies in violation of 18 U.S.C. § 824(a)(1). Petitioner's first trial commenced January 22, 2008 and ended on February 11, 2008 in a mistrial after the jury reported being deadlocked on all counts.  Petitioner's second trial commenced on February 26, 2008 and ended on March 19, 2008 when the jury returned a guilty verdict on all counts.  Petitioner was then sentenced to 1,380 months in prison, and unsuccessfully appealed his conviction and sentence to the Third Circuit.

Petitioner filed his petition pursuant to 18 U.S.C. § 2255 on September 9, 2011 (the "Petition") [Dkt. No. 1], and subsequently on October 17, 2011 filed the brief in support of his Petition ("Petition Brief") [Dkt. No. 7].  Petitioner complained of ineffective assistance of counsel with regards to the manner in which his counsel moved for a judgment of acquittal and because his counsel did not raise a motion for judgment of acquittal at the close of evidence, both of which occurred during his first trial.  Petitioner also complained that the Government, in violation of its *Brady*[3] obligations, failed to produce two exculpatory FBI interview reports, known as "FBI 302"'s, one of an alleged interview with Jermaine Johnson that was never produced, and one of an interview with Mr. Johnson that Petitioner was able to obtain via a Freedom of Information Act ("FOIA")[4] request.

---

[2] The relevant facts have been set out in in full in the Habeas Opinion.  A brief summary is recited here.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[4] Pub. L. No. 89-487, 80 Stat. 250 (July 4, 1996), codified as amended at 5 U.S.C. § 552.

2

The Court rejected both bases of the Petition on December 14, 2015.  As an initial matter, the Court held that the ineffective assistance of counsel claims which related to Petitioner's first trial—the result of which was a mistral—were not properly the subject of a Section 2255 petition, because Petitioner was not in custody as a result of the first trial.  *Habeas Op.* at 4.  However, the Court proceeded to analyze Petitioner's ineffective assistance of counsel claims, and stated that "Petitioner has failed to show the second prong of the *Strickland*[5] test—that he was prejudiced by the ineffective counsel—because he cannot show with 'reasonable probability' that the result would have been different but for the ineffective assistance."  *Id.* at 6 (quoting *Strickland*, 466 U.S. at 694)).  In reviewing Petitioner's arguments, the Court found that (1) there was no reasonable probability the Court would have granted counsel's motion for acquittal at the close of evidence; (2) there was no reasonable probability the Court would have granted counsel's motion had counsel specifically raised an "in balance" theory regarding the evidence presented by the Government; and (3) there was no reasonable probability the Court would have granted a motion for judgment of acquittal at the end of the first trial.  *Id.* at 6–7.  The Court also rejected Petitioner's claim that he was charged under the wrong statute for armed bank robbery as meritless as a matter of law, and thus failed to establish ineffectiveness under the first prong of the *Strickland* test.  *Id.* at 7–8.

With respect to the *Brady* claim, the Court found Petitioner's arguments with respect to the non-produced FBI 302 from Mr. Johnson purely speculative, as Petitioner was not able to prove that such a document existed.  *Id.* at 8–9.  With respect to the FBI 302 obtained via a FOIA request, the Court found Petitioner's claim meritless as an unredacted version of the FBI 302 showed it was not exculpatory and was not material to either guilt or punishment.  *Id.* at 9.

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984)

Accordingly, the Court denied the Petition. The Court subsequently declined to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c) on December 15, 2015, finding that Petitioner had not demonstrated that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." (COA Order at 1 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).)

Petitioner then moved this Court to reconsider its decision in the Habeas Opinion and the COA Order pursuant to Federal Rule of Civil Procedure 59(e) on January 6, 2016. (*See* Pet'r's Mot. at 11.)[6] During the pendency of Petitioner's Motion, Petitioner subsequently filed a notice of appeal on February 19, 2016 with respect to the same. (*See* Notice of Appeal [Dkt. No. 28].) The Third Circuit stayed the appeal pending this Court's decision on Petitioner's Motion, pursuant to Federal Rule of Appellate Procedure 4(a)(4). (*See* Third Circuit Order (Feb. 25, 2016) [Dkt. No. 30].) Petitioner then filed Petitioner's Pro Bono Counsel Request on May 3, 2016. The issues having been briefed, Petitioner's Motion is now ripe for this Court's review.[7]

## II. LEGAL STANDARD

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to correct

---

[6] The Court accepts Petitioner's certification under penalty of perjury as to the date he deposited his Motion in the prison mailbox pursuant to the "prison mailbox rule" despite the postmark on the exterior of the envelope indicating that the Motion was postmarked one day later. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Maples v. Warren*, Civ. No. 12-933 (JAP), 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.") (citing *Henderson v. Frank*, 155 F.3d 159, 163–64 (3d Cir. 1988)).

[7] This Court exercises jurisdiction over the Petition pursuant to 28 U.S.C. § 2255(a), and exercised jurisdiction over the original criminal matter pursuant to 18 U.S.C. § 3231.

manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Relief is only to be granted "sparingly" under these rules, as "reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Facteon, Inc. v. Comp Care Partners, LLC*, Civ. No. 13-6765 (JAP), 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) (quoting *G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### III. DISCUSSION

Petitioner raises three grounds in his motion for reconsideration: (1) the Court failed to address all of Petitioner's claims; (2) the Court failed to find specific facts and give supporting explanations with respect to Petitioner's "in balance" theory of the evidence; and (3) the Court incorrectly ruled that Petitioner speculated about the non-produced FBI 302. (*See generally* Pet'r's Mot.) None of these raise the issue of a change of controlling law or the availability of new evidence. Therefore, the sole basis for Petitioner's Motion must be "to correct a clear error

of law or prevent manifest injustice." *See Lazaridis*, 591 F.3d at 669. Nothing in Petitioner's Motion reaches the high burden placed upon Petitioner to demonstrate clear errors of law or any manifest injustice resulting from the Habeas Opinion, accompanying order, and COA Order, and so the motion will be denied.

### A.     Petitioner's Motion is Timely

The Government in opposition to Petitioner's Motion fails to address any of the claims on the merits, instead choosing to argue primarily that Petitioner's Motion is untimely and must fail as a result. (*See* Gov't's Opp. [Dkt. No. 27] at 2–4.)[8] The Government argues that Petitioner's Motion is improperly characterized as one under Rule 59(e), and should be properly construed as a motion under Rule 60(b) or a motion for reconsideration as provided by Local Civil Rule 7.1(i). The Government is incorrect.

In explaining why Rule 59(e) is the improper vehicle, the Government argues motions under Rule 59 are only for setting aside a jury verdict and granting a new trial. (Gov't's Opp. at 2.) Rule 59(e) is not so limited. In support of this proposition, the Government cites solely to *Lack Industries, Inc. v. Ralston Purina Co.*, 327 F.2d 266 (8th Cir. 1964). Not only is the opinion in *Lack* far from recent and not binding on this Court, but also the case does not stand for such a proposition. The court in *Lack* was specifically discussing the granting of a new trial under Rule 59(a) and (d), and nowhere does the court in *Lack* discuss or even cite to Rule 59(e). *See id.* at 273–75. Conversely, the Supreme Court has expressly held that Rule 59 and the ability of the court "to alter or amend its own judgments" applies in the context of habeas corpus

---

[8] The Government does also summarily argue that Petitioner's Motion contains "no substantive grounds to grant a motion for reconsideration." (Gov't's Opp. at 3–4.)

6

proceedings. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 269–71 (1978). Thus, Petitioner's Motion is properly brought under Rule 59(e).

The Government further contends that Petitioner's Motion should be considered under Rule 60(b), but does not provide any basis for this conversion, nor does the Government explain why Rule 60(b) would apply. (*See* Gov't's Opp. at 2–4.) Then, relying on Local Civil Rule 7.1(i), the Government contends Petitioner's Motion is out of time. (Gov't's Opp. at 3–4.) If Petitioner's Motion were one under Rule 60(b), it would be timely, as Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and [for certain reasons] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Even if the Court were to agree that Petitioner's Motion should be one under Rule 60(b), the Government could not possibly argue that Petitioner's Motion, filed 24 days after the Habeas Opinion issued and 23 days after the COA Order issued would not be "made within a reasonable time."

Turning to Local Civil Rule 7.1(i), the Government correctly notes that "a motion for reconsideration shall be served and filed within 14 days." (Gov't's Opp. at 3 (quoting L.Civ.R. 7.1(i)).) However, the Government neglects the preceding clause which states the time limit applies, "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59)." L.Civ.R. 7.1(i). Here, Petitioner's Motion was brought under Rule 59(e), and the Court sees no reason why that is improper. Rule 59(e) provides a different time limit, affording Petitioner 28 days to file his motion. Petitioner's Motion, as noted, was filed within that time limit. Thus, Petitioner's Motion is timely.

### B. Petitioner's Motion Fails on the Merits

Having addressed the timeliness issue raised by the Government, the Court's now turns to the merits of each of Petitioner's claims.

#### 1. The Court Addressed All of Petitioner's Claims

Petitioner submits that the Court failed to address Petitioner's claim that his counsel was ineffective due to counsel's failure to move for acquittal on the grounds that the Government did not prove an essential element of the crime of armed bank robbery, specifically that the banks were not FDIC insured. (Pet'r's Mot. at 2–4.) Petitioner claims that "[n]ot once did the district court in its opinion address this claim." (*Id.* at 3.) Petitioner's Motion mischaracterizes the Habeas Opinion with respect to this ground for reconsideration, as the Court did address this claim. In discussing Petitioner's claims regarding his counsel's failure to raise a motion for judgment of acquittal at the end of his first trial, the Court held that "[t]here is no 'reasonable probability' that the Court would have granted Defense counsel's motion at the close of evidence." *Habeas Op.* at 6.

However, even if this did not address the claim fully, Petitioner's claim fails on the merits. At the second trial, Petitioner's counsel acknowledged in his opening statement that there was a stipulation between Petitioner and the Government that the banks were FDIC insured, (Feb. 28, 2008 Tr. [Crim. Dkt. No. 122][9] at 27:13–17, 27:25–28:1 ("In fact, the banks were FDIC insured. It is not in dispute.")), a stipulation was signed by Petitioner's counsel on January 22, 2008 that "[e]ach of the banking institutions named in this indictment was, at all times relevant to this indictment, insured by the Federal Deposit Insurance Company (F.D.I.C.)", (Gov't Tr. Ex. 202 (attached to Gov't's Opp. to Pet. [Dkt. No. 18-1])), and the stipulation was

---

[9] "Crim. Dkt. No." refers to docket entries on the criminal docket, Docket 1:06-cr-699 (RBK).

entered into the record at trial, (Mar. 11, 2008 Tr. [Crim. Dkt. No. 132] at 41:7–13). Accordingly, Petitioner's Motion will be denied with respect to this argument.

### 2. The Court Adequately Ruled on Petitioner's "In Balance" Theory

Petitioner additionally argues that the Court did not adequately explain "why no reasonable probability exist[s] that the result of the proceeding would have been different" had Petitioner's counsel argued the "in balance" theory of evidence in his motion for judgment of acquittal. (Pet'r's Mot. at 4–8.) He raises the concern that the appeals court may not be able to adequately discern whether the Court rejected his argument under the first or second prong of the *Strickland* standard for ineffective assistance of counsel, and also that the Third Circuit will have no basis to review the Court's decision. This argument, too, is without merit as Petitioner again mischaracterizes the Habeas Opinion. The Habeas Opinion clearly sets forth that the determination was made under the second prong of the *Strickland* test, that even assuming Petitioner's counsel should have made the argument, it would not have changed the outcome, and thus Petitioner suffered no prejudice. *See Habeas Op.* at 6. The fact that the Court dealt with the claim in one paragraph does not render the decision inadequate, and the Court has no concern that the Third Circuit will not be able to adequately review the Court's decision. Petitioner's Motion will be denied with respect to this argument.

### 3. The Court Correctly Ruled on Petitioner's *Brady* Claim

Petitioner also requests that that the Court "reconsider its ruling that Petitioner is fishing or speculating in relation to the withheld [FBI] 302 that would have been subsequently prepared" after an FBI interview Mr. Johnson on or about August 16, 2006. (Pet'r's Mot. at 9–10.) Petitioner continues to assert that there must have been a debriefing session with Mr. Johnson after he was involved in recording a conversation with Petitioner's co-defendant, Steven Gantt.

(*See* Pet. Br. at 27–29; Pet'r's Mot. at 9–10.)  Yet, Petitioner fails to argue anything beyond mere speculation that the interview was conducted.  Petitioner cannot demonstrate that the Court's determination is a "clear error of law" or results in "manifest injustice" to justify relief under Rule 59(e).  It is clear that Petitioner disagrees with the Court's ruling, but mere disagreement is not enough.  Accordingly, Petitioner's Motion will be denied with respect to this argument as well.

        **C.**      **The Court Lacks Jurisdiction to Entertain Petitioner's Pro Bono Counsel Request**

Finally, Petitioner requests that this Court appoint him pro bono counsel to assist him in filing a petition based on the Supreme Court's decision in *Johnson*, 135 S. Ct. 2251.  (*See* Pet'r's Pro Bono Counsel Request.)  However, by filing a notice of appeal, Petitioner has divested this Court of jurisdiction over his case except to the limited extent Federal Rule of Appellate Procedure 4(a)(4) permits the Court to decide the motion for reconsideration.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also* Fed. R. App. P. 4(a)(4).  As such, the Court may not entertain Petitioner's Pro Bono Counsel Request, and it will be denied for lack of jurisdiction.[10]

---

[10] The Court also notes that Petitioner has filed, albeit on the improper form, a petition pursuant to *Johnson*.  (*See* Docket 1:16-cv-3194 (RBK).)  Petitioner may wish to make his request under that docket, but the Court provides no guidance on what the outcome of such a request may be.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion will be denied and Petitioner's Pro Bono Counsel request will be denied for lack of jurisdiction. An appropriate order accompanies this opinion.

Date:  June  23rd , 2016

                                               s/ Robert B. Kugler  
                                              ROBERT B. KUGLER, U.S.D.J.